FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2020 FEB 20 PH 12: 06

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CEDRIC REYNOLDS,          )
                         )
        Petitioner,       )
                         )
v.                       )          CASE NOS. CV416-194
                         )                    CV414-136
UNITED STATES OF AMERICA, )
                         )
        Respondent.       )
                         )
_____)

## O R D E R

Before the Court is the Government's Motion to Dismiss Petitioner Cedric Reynolds' Motion to Vacate Judgment (Doc. 35).[1] (Doc. 36.) Petitioner has responded in opposition to the Government's Motion to Dismiss. (Doc. 37.) After careful consideration, the Government's motion (Doc. 36) is **GRANTED**. As a result, Petitioner's Motion to Vacate Judgment (Doc. 35) is **DISMISSED**.

In his Motion to Vacate Judgment, Petitioner argues that the judgment entered against him in his criminal case (CR412-239) should be vacated based on the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). (Doc. 35.) Specifically, Petitioner argues that his conviction for possession of a firearm by a prohibited person should be vacated because, after

_____

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV416-194.

_Rehaif_, "Petitioner's conduct does not constitute a violation of any 'law' of the United States . . . ." (_Id._ at 5.) Petitioner asserts the Court should vacate the judgment against him pursuant to Federal Rule of Criminal Procedure 33. (_Id._ at 1.)

In its Motion to Dismiss, the Government argues that Petitioner's motion (Doc. 35) should be dismissed because Rule 33 applies only in criminal cases in which a defendant has gone to trial. (Doc. 36 at 1.) Additionally, the Government argues that even if the Court construed Petitioner's motion (Doc. 35) as a 28 U.S.C. § 2255 motion, this Court lacks jurisdiction to consider the motion because it would be a successive § 2255 motion. (_Id._ at 2.)

In response to the Government's motion, Petitioner argues that "[b]ecause Rule 33 explicitly addresses a district court's ability to vacate any judgment . . . the district court has jurisdiction over this case." (Doc. 37 at 2.) Additionally, Petitioner contends that his motion is not a successive § 2255 motion because, after _Rehaif_, "Petitioner's felon in possession conviction no longer qualifies as a crime." (_Id._ at 5.)

As an initial matter, the Court cannot vacate the judgment against Petitioner pursuant to Rule 33. Federal Rule of Criminal Procedure 33(a) allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." However, Rule 33 applies only in criminal actions where the defendant has gone to

trial. Fed. R. Crim. P. 33. Petitioner filed his Motion to Vacate in his civil cases. (CV416-194, Doc. 35; CV414-136, Doc. 17.) Moreover, Petitioner did not proceed to trial in his criminal action, but, instead, pled guilty. (See CR412-239, Doc. 51.) Accordingly, Rule 33 is inapplicable to Petitioner's cases.

Even if this Court construed Petitioner's Motion to Vacate as a § 2255 motion to vacate his sentence, this Court lacks jurisdiction to consider the motion. Petitioner has filed § 2255 petitions in both of his civil cases. (CV416-194, Doc. 1; CV414-136, Doc. 1.) The Court denied these petitions. (CV416-194, Doc. 13; CV414-136, Doc. 7.) As a result, any subsequent § 2255 petition is a successive petition. This Court may only entertain a successive habeas corpus petition after a petitioner receives certification from the Eleventh Circuit Court of Appeals allowing the petition. 28 U.S.C. § 2244(b)(3)(A). Under Eleventh Circuit Rule 22-3(a), Petitioner must file an "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit, using the form provided by the Eleventh Circuit Clerk of Court, before filing a successive petition in this Court. To the extent that Petitioner's motion is construed as a 28 U.S.C. § 2255 petition, this Court is precluded from ruling on Petitioner's motion until he receives the required certification from the Eleventh Circuit. Accordingly, the

Government's Motion to Dismiss (Doc. 36) is **GRANTED** and Petitioner's Motion to Vacate Judgment (Doc. 35) is **DISMISSED**.

SO ORDERED this 20th day of February 2020.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA